# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSE DE JESUS HERNANDEZ, | Case No. 1:17-cv-01625-JLT (HC) |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| M. E. SPEARMAN, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |
| | [TWENTY-ONE DAY OBJECTION DEADLINE] |

On December 1, 2017, Petitioner filed the instant petition for writ of habeas corpus in this Court. Because the petition is successive, the Court will recommend it be **DISMISSED**.

## PROCEDURAL BACKGROUND

On September 26, 2007, Petitioner was convicted in the Tulare County Superior Court of: first degree felony murder with a robbery/burglary special circumstance; attempted murder of a peace officer with a special allegation that the offense occurred while the officer was engaged in the performance of his duties; four counts of second degree robbery with personal use of a firearm; three counts of second degree commercial burglary; conspiracy to commit robbery; unlawfully taking or driving a vehicle; and receiving a stolen vehicle. He is serving a sentence of life without the possibility of parole.

The instant petition challenges the 2007 conviction and raises the following claims for

1

relief: 1) Ineffective assistance of counsel due to failure to raise claims on appeal; 2) Evidence was insufficient to support the conviction for first degree felony murder; 3) An ambiguous jury instruction on felony murder unconstitutionally relieved the state of its burden of proof of an element of the crime; 4) The evidence does not support a finding that the attempted murder is a reasonably foreseeable natural and probable consequence; 5) The trial court's denial to continue the trial violated Petitioner's due process rights and his right to prepare a defense for trial; and 6) The court imposed an illegal and excessive restitution fine.

The instant petition is not Petitioner's first federal petition. On February 25, 2010, Petitioner filed a federal petition for writ of habeas corpus in this Court challenging the same conviction. See <u>Hernandez v. New Folsom State Prison Warden</u>, Case No.: 1:10-cv-00391-LJO-JLT (HC). The District Court denied the petition on the merits on May 11, 2012. Petitioner appealed to the Ninth Circuit Court of Appeals on May 30, 2012, and the appellate court denied the appeal on July 25, 2013.

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 11, 2017**        **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE